IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LLOYD G. MAYS, | : | |
|     Petitioner | : | |
| | : | No. 1:23-cv-00808 |
| v. | : | |
| | : | (Judge Kane) |
| WARDEN SCI-COAL | : | |
| TOWNSHIP, et al., | : | |
|     Respondents | : | |

**MEMORANDUM**

This is a habeas corpus case filed pursuant to 28 U.S.C. § 2254 through which Petitioner Lloyd G. Mays ("Mays") challenges his 2012 convictions for rape, involuntary deviate sexual intercourse, sexual assault, and simple assault in the Lebanon County Court of Common Pleas. The Court will dismiss the petition with prejudice as untimely.

**I.    BACKGROUND**

Mays was convicted in 2012 and sentenced to 31–82 years of imprisonment. See Commonwealth v. Mays, No. 480 MDA 2013, 2013 WL 11250255, at *1 (Pa. Super. Ct. Nov. 19, 2013). He appealed, and the Pennsylvania Superior Court affirmed the judgment of sentence on November 19, 2013. See id. at *2. Mays did not appeal to the Pennsylvania Supreme Court.

On June 25, 2014, Mays filed a petition for state collateral relief under Pennsylvania's Post-Conviction Relief Act ("PCRA"), arguing, inter alia, that his counsel provided ineffective assistance by failing to file a direct appeal to the Pennsylvania Supreme Court on his behalf. See (Doc. No. 9 at 1); Commonwealth v. Mays, No. 1887 MDA 2014, 2015 WL 7076944, at *1 (Pa. Super. Ct. June 5, 2015). The Court of Common Pleas denied the petition, but the Superior Court reversed and remanded on June 5, 2015, allowing Mays to move to reinstate his right to appeal to the Pennsylvania Supreme Court nunc pro tunc within thirty days. See Mays, 2015

WL 7076944, at *2–3.  Mays timely moved to reinstate his appeal rights, but the Pennsylvania Supreme Court subsequently denied his petition for allowance of appeal on December 30, 2015.  See Commonwealth v. Mays, 130 A.3d 1288 (Pa. 2015).  He did not file a petition for writ of certiorari to the United States Supreme Court.

On January 19, 2016, Mays filed a second PCRA petition to challenge the legality of his sentence.  See Commonwealth v. Mays, No. 644 MDA 2019, 2020 WL 1516930, at *1 (Pa. Super. Ct. Mar. 27, 2020).  On September 17, 2016,[1] the Court of Common Pleas granted the petition in part and resentenced him to an aggregate sentence of 21 years and 11½ months to 62 years in prison.  See id. at *2; (Doc. No. 9 at 2).  Mays did not appeal.  See id.

Mays filed a third PCRA petition on April 17, 2017.  See id.  The Court of Common Pleas dismissed the petition on March 19, 2019, but the Superior Court vacated the dismissal and remanded for consideration of whether Mays was entitled to appointment of counsel in the PCRA proceeding.  See id. at *3.

On remand, the Court of Common Pleas denied PCRA relief on April 6, 2021.  See Commonwealth v. Mays, 270 A.3d 1149, 1149 (Pa. Super. Ct. 2021).  The Superior Court affirmed on December 20, 2021.  See id. at 1149–50.  Mays petitioned for allowance of appeal to the Pennsylvania Supreme Court, but the court denied the petition on June 15, 2022.  See Commonwealth v. Mays, 280 A.3d 328 (Pa. 2022).

---

[1] Both the Court of Common Pleas' electronic docket and the Superior Court's opinion list the date of the Court of Common Pleas' decision as September 7, 2016, while Mays asserts that the date was September 17, 2016.  See Commonwealth v. Mays, No. CP-38-CR-0000643-2011 (Lebanon Cnty. Ct. of Com. Pl. filed May 16, 2011); Mays, 2020 WL 1516930, at *2; (Doc. No. 9 at 2).  The Court assumes for purposes of the instant analysis that Mays is correct on this factual question in order to give a liberal construction to his claims as a pro se litigant.

Mays filed the instant petition on May 12, 2023, and the Court received and docketed the petition on May 17, 2023. (Doc. No. 1 at 14.) Given the apparent untimeliness of the petition, the Court issued an order in accordance with <u>United States v. Bendolph</u>, 409 F.3d 155, 169 (3d Cir. 2005), on May 31, 2023, requiring Mays to show cause as to why the petition should not be dismissed as untimely. (Doc. No. 5.) After the Court granted an extension of time, Mays timely responded to the Court's Order on July 28, 2023, and the Court received and docketed his response on August 4, 2023. (Doc. No. 6.) Mays concedes that his petition is untimely, but asserts that the limitations period for his petition should be equitably tolled because he was abandoned by counsel. (<u>Id.</u>) Because Mays has now been given notice and an opportunity to respond with respect to the timeliness of his petition, see <u>Bendolph</u>, 409 F.3d at 169, the Court will <u>sua</u> <u>sponte</u> address the issue of timeliness.

## II.    LEGAL STANDARD

Under Rule 4 of the rules governing habeas corpus petitions under 28 U.S.C. § 2254, a district court must promptly review a petition and dismiss it if it is plain from the face of the petition that the petitioner is not entitled to relief. <u>See</u> 28 U.S.C. § 2254 Rule 4.

## III.    DISCUSSION

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes a one-year statute of limitations for habeas corpus petitions brought under 28 U.S.C. § 2254. <u>See</u> 28 U.S.C. § 2244(d)(1). The limitations period begins to run from the latest of:

> **(A)** the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> **(B)** the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

> **(C)** the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> **(D)** the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

See id. The limitations period is tolled during the pendency of a "properly filed" application for post-conviction relief in state court. See id. § 2244(d)(2). The limitations period may also be tolled under the equitable tolling doctrine or excused under the actual innocence exception, both of which must be established by the petitioner. See McQuiggin v. Perkins, 569 U.S. 383, 386 (2013); Pace v. Diguglielmo, 544 U.S. 408, 418 (2005).

Under Section 2244, Mays had one year from the date his conviction became final to seek federal habeas corpus relief via 28 U.S.C. § 2254. See 28 U.S.C. § 2244(d)(1)(A).[2] Mays' conviction became final on December 19, 2013, the deadline for him to file a direct appeal to the Pennsylvania Supreme Court. See Pa. R. App. P. 1113. Thus, absent tolling, Mays needed to file his petition for writ of habeas corpus no later than December 19, 2014, for it to be timely under Section 2244. His petition, which was not filed until May 12, 2023, is facially untimely.

Mays filed a timely PCRA petition on June 25, 2014, which statutorily tolled the limitations period for his petition. See (Doc. No. 9 at 1); 28 U.S.C. § 2244(d)(2). At that point, 188 days had elapsed towards the end of the limitations period.

Mays' timeliness calculation does not account for the 188 days that elapsed between December 19, 2013 and June 25, 2014. Mays argues that contrary to the Court's conclusion, his state court conviction did not become final, and thus did not trigger the limitations period, until March 30, 2016, because that was the last date he could have filed a petition for writ of certiorari

---

[2] Section 2244(d)(1) provides for other triggering events of the one-year limitations period, but none apply here. See 28 U.S.C. § 2244(d)(1)(B)–(D).

to the United States Supreme Court from the Pennsylvania Supreme Court's decision denying his nunc pro tunc petition for allowance of appeal. (Doc. No. 9 at 2.)

Mays misapprehends the legal effect of a state court reopening a petitioner's appeal nunc pro tunc. Acceptance of a belated appeal nunc pro tunc does not retroactively apply to mean that the appeal was pending "from the expiration of time in which to file a timely appeal and the state court's acceptance of the belated appeal." See Martin v. Administrator N.J. State Prison, 23 F.4th 261, 271 (3d Cir. 2022). The limitations period for habeas corpus petitions begins when a conviction becomes "final by the conclusion of direct review or the expiration of the time for seeking such review," see 28 U.S.C. § 2244(d)(1), and "from the expiration of time in which to file a timely appeal and the state court's acceptance of the belated appeal . . . [t]he state review process is done; it is not dormant, it is not latent, and it is not hibernating in case a petitioner should choose at some point down the road to request a state appellate court to review a belated appeal." See Martin, 23 F.4th at 271.[3] Thus, Mays' conviction became final on December 19, 2013, rather than March 30, 2016, and 188 days had therefore elapsed towards the limitations period for his federal habeas corpus petition by the time he filed his PCRA petition on June 25, 2014.

Pursuant to Section 2244(d)(2), statutory tolling of the limitations period for Mays' federal petition continued until December 30, 2015, when proceedings on his first PCRA

---

[3] Martin technically analyzes whether a state court's acceptance of a belated appeal nunc pro tunc applies to render a PCRA petition pending under 28 U.S.C. § 2244(d)(2) for the period of time between the expiration of the time for appealing the petition and the acceptance of the belated appeal, but the Court cannot discern any analytical basis for treating nunc pro tunc acceptance of direct appeals differently. Martin holds that a state appeal process is not pending for the period of time between the deadline to file a timely appeal under state procedural rules and the state court's subsequent acceptance of an untimely appeal nunc pro tunc; this logic would clearly apply to direct appeals of a petitioner's conviction on the same terms as it would collateral appeals of a petitioner's PCRA petition.

proceedings ended with the Pennsylvania Supreme Court denying his nunc pro tunc petition for allowance of appeal.  See Mays, 130 A.3d at 1288.  The limitations period was then statutorily tolled again when Mays filed his second PCRA petition on January 19, 2016.  See Mays, 2020 WL 1516930, at *1.  This second period of statutory tolling ended on October 17, 2016, the last date by which he could appeal the Court of Common Pleas' September 17, 2016 resentencing order to the Superior Court.  See Pa. R. App. P. 903; Mays, 2020 WL 1516930, at *2; (Doc. No. 9 at 2).  Mays filed his third PCRA petition 182 days later, on April 17, 2017.  (Doc. No. 9 at 2.)  These 182 days, added to the 188 days that had previously elapsed towards the end of the limitations period, resulted in a total of 370 days elapsed towards the end of the limitations period as of April 17, 2017.  The limitations period accordingly expired on April 12, 2017, and Mays' petition is untimely by over six years.

Mays concedes that his petition is untimely,[4] but he argues that the limitations period should be equitably tolled because he was abandoned by counsel.  The equitable tolling doctrine allows a court to toll the one-year limitations period when the petitioner has been pursuing his rights diligently, but extraordinary circumstances have prevented him from timely filing his petition.  See Holland v. Florida, 560 U.S. 631, 649 (2010) (citing Pace, 544 U.S. at 418).  The petitioner bears the burden of showing that he is entitled to equitable tolling.  See Pace, 544 U.S. at 418.

In this case, Mays asserts that he is entitled to equitable tolling because after his third PCRA petition was denied in December 2021, he purportedly advised his PCRA counsel to appeal the petition "all the way," but then discovered on May 8, 2023, that the attorney had not

---

[4] Mays asserts that the petition did not become untimely until December 15, 2022. (Doc. No. 9 at 4.)  The discrepancy between the Court's calculation and Mays's calculation, as noted above, is due to differing calculations of when his criminal conviction became final.

informed him that his appeal had been denied by the Pennsylvania Supreme Court on June 15, 2022. (Doc. No. 9 at 6.) Mays asserts that he promptly and diligently filed his federal habeas corpus petition five days later and that the alleged abandonment by counsel should therefore be considered cause to excuse the untimeliness of his petition. (Id.)

The Court is unpersuaded by Mays' equitable tolling argument. As discussed above, Mays' petition was untimely as of April 12, 2017, and not, as Mays argues, December 15, 2022. Assuming, arguendo, that Mays was abandoned by counsel in 2022 as he asserts, this would still not be sufficient to toll the limitations period for the approximately five years between his petition becoming untimely in April 2017 and the abandonment by counsel in 2022. The Court accordingly finds that Mays has not met his burden to establish equitable tolling. See Pace, 544 U.S. at 418.

Mays is also not entitled to relief from the limitations period under the actual innocence exception. The statute of limitations for habeas corpus petitions under Section 2254 may be excused if the petitioner makes an adequate showing of his actual innocence, but the petitioner bears a heavy burden to meet this exception and can only do so if he can show that no reasonable juror "would have voted to find him guilty beyond a reasonable doubt." See Satterfield v. Dist. Att'y of Philadelphia, 872 F.3d 152, 163 (3d Cir. 2017) (quoting McQuiggin, 569 U.S. at 386). Mays has failed to meet this burden because he has not advanced any actual innocence argument.

Thus, because Mays' petition is untimely under AEDPA's one-year statute of limitations and cannot be deemed timely based on statutory tolling, equitable tolling, or the actual innocence exception, the Court will dismiss the petition with prejudice as untimely.

## IV. CONCLUSION

For the foregoing reasons, Mays' petition for writ of habeas corpus will be dismissed with prejudice as untimely. A certificate of appealability will not issue because jurists of reason would not debate the correctness of this procedural ruling. See <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000). An appropriate Order follows.

s/ Yvette Kane
Yvette Kane, District Judge
United States District Court
Middle District of Pennsylvania
